CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 31 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HOWARD MACK HARRIS, ) | |
|     Plaintiff, ) | Civil Action No. 7:07-cv-00363 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BUREAU OF PRISONS, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

Plaintiff Howard Mack Harris, Federal Register Number 07837-033, has filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) with jurisdiction vested pursuant to 28 U.S.C. §1331. Plaintiff, an inmate at the United States Penitentiary in Florence, Colorado, alleges that defendants, officers at United States Penitentiary, Lee County ("USP Lee"), in Jonesville, Virginia, violated his constitutional rights by finding him guilty of a disciplinary violation. Plaintiff seeks damages in the amount of "$78.6 million." For the reasons that follow, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which the court may grant relief.[1]

### I. Factual Summary[2]

In his complaint, plaintiff alleges that he was subjected to an unwarranted disciplinary

---

[1] To the extent plaintiff's complaint could be construed to include a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, with jurisdiction vested pursuant to 28 U.S.C. §1331, plaintiff's complaint is untimely. Subsection (b) of 28 U.S.C. § 2401 provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Plaintiff presents a letter, dated June 28, 2006, from the Federal Bureau of Prisons ("BOP"), stating that his FTCA claims were denied, specifically stating that the letter constituted "a final denial of [his] claim," and explaining that he had "six months from the date of the mailing of this notification to bring suit in an appropriate United States District Court." Plaintiff signed and dated his complaint July 11, 2007, more than six months after he received notice of the final denial of his FTCA claim.

[2] The factual summary has been adduced from plaintiff's pleadings and attachments thereto. The court will discuss additional facts as necessary in its analysis.

sanction, rendered against him on May 9, 2006, for assault, in violation of Inmate Discipline Policy Code 224 ("Code 224"). He alleges that he was put in close proximity to another inmate, K. Wilson, with whom he "had a problem"; that Wilson had a razor, which precipitated the assault; and that defendants "maliciously hindered" his ability "to redress [his] claims."

Plaintiff has submitted a copy of the Disciplinary Hearing Office Report ("DHO Report"), dated by the Disciplinary Hearing Officer ("DHO") on May 9, 2006, and signed in acknowledgment by plaintiff on May 19, 2006. The DHO Report indicates that, on April 19, 2006, plaintiff was charged with assault, in violation of Code 224, and refusing an order, in violation of Code 307. Plaintiff was given advance written notice of the charge, by copy of the Incident Report, on April 19, 2006. On April 29, 2006,[3] plaintiff was advised of his rights before the DHO. Plaintiff was assigned a staff representative, who submitted the following statement: "Harris [pleads] guilty to the 224, and didn't refuse an order."

At the hearing on May 4, 2006, plaintiff stated that he understood his rights and that they had been upheld. When the DHO read the Incident Report aloud and asked plaintiff what he had to say about the incident, plaintiff stated, "Yes, I'm pleading guilty to the 224, and I had stopped when ordered to do so." Wilson was called as a witness, and stated that he had "advised staff he did not want to be celled with Harris because there was problems [sic]." Other witnesses were called, but their appearance was waived by plaintiff. Documentary evidence consisting of "Inmate Injury Assessment Follow-Up (Medical) Form[s]" were introduced.

The DHO Report states the following findings:

---

[3] The DHO Report includes the following "administrative note": "[T]he processing of this incident report was suspended pending referral to the FBI/AUSA for possible prosecution. The report was released on April 26, 2006, at which time disciplinary proceedings resumed with the Warden's consent."

2

> The DHO finds that you committed the prohibited act of code 224, Assault, on April 19, 2006, at 0950, when you were striking Wilson, [sic] in the facial area with a closed fist while Wilson was in restraints in your cell in the Special Housing Unit.
>
> The specific evidence relied upon to support this finding was the reporting officer's statement that on April 19, 2006, at approximately 0950, he observed you striking Wilson, K. #28588-018 in the facial area with a closed fist in SHU cell 114. Wilson was standing at the door having his hand restraints removed and you turned and began striking him in the face. You refused repeated orders to stop the assault. The cell door was opened and you were placed on the wall by responding staff without further incident.
>
> The DHO also relied on the Inmate Injury Assessment Follow-Up (Medical) Form, dated, [sic] April 19, 2006, completed by T. Hornsby, RN, on Wilson, K. #28588-018, which depicted, [sic] swollen eye, redness to the side of his nose, Edema [sic] noted to left jaw, right forehead pinkish in color and a small raised area. Injuries consistent as being assaulted.
>
> The DHO also relied on the Inmate Injury Assessment Follow-Up (Medical) Form, dated, [sic] April 19, 2006, completed by T. Hornsby, RN, which depicted you not having any injuries. Consistent with the victim not being able to defend himself or able to fight back.
>
> **The DHO also relied upon your admission to this behavior at your DHO hearing** and relied on the reporting officer's statement as he is very specific in his account of the incident.
>
> Therefore, the DHO finds you willfully violated code 224, Assault, of the Inmate Discipline Policy.

(Emphasis added.)

The DHO sanctioned plaintiff with 15 days of disciplinary segregation and a disallowance of 27 days of good conduct time. The DHO further documented the reasons for the sanction, stating, in pertinent part:

> The action on the part of any inmate to assault another person, [sic] threatens the health, safety, and welfare of not only the inmate involved, but that of all other staff and inmates. Inmates observing the attempted assault may become involved thus creating a larger disturbance for staff to control. Assaults make it difficult to provide security for all concerned.

3

Plaintiff appealed the DHO's decision, lodging a Regional Administrative Remedy Appeal with the Regional Director of the Mid-Atlantic Regional Office. In a response dated July 17, 2006, the Regional Director denied the appeal, stating in pertinent part:

> You appeal the DHO decision of May 4, 2006, for assault (Code 224). You claim you did not commit the prohibited act. You request the incident report be expunged.
>
> P.S. 5270.07, <u>Inmate Discipline and Special housing Units,</u> provides that the DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. **The DHO considered your admission that you assaulted the other inmate**. The DHO found you committed the prohibited act based on the greater weight of the evidence available, which was the reporting officer's written statement. We find the DHO accurately and adequately stated in Section V of the DHO report the specific evidence used to find you committed the prohibited act, and we find no need to elaborate further.
>
> * * *
>
> We find the required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.
>
> Your appeal is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 days from the date of this response.

(Emphasis added.) Plaintiff presents no evidence of having appealed the Regional Director's denial to the General Counsel.

## II. Analysis

### A. Exhaustion of Administrative Remedies

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. As

4

amended, that section requires that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). By the plain language of the statute, exhaustion of administrative remedies is a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the § 1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

The United States Supreme Court has held that § 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Court has also held that § 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. at 741, n.6. For example, the inmate in Booth filed

5

a grievance pursuant to the state prison's grievance procedure, but failed to appeal the denial to the intermediate or final appeal levels. Because the inmate failed to appeal the denial, the inmate was deemed to have failed to exhaust his administrative remedies. Id. at 735. Additionally, the Court in Booth held that even where inmates limited their "prayers for relief to money damages not offered through administrative grievance mechanisms. . . . Congress has mandated exhaustion clearly enough. . . ." Id. at 741.

Pursuant to 28 C.F.R. § 542.10, et seq., the BOP has established an administrative remedy procedure through which an inmate may seek a formal review of an issue or complaint relating to his confinement. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. See id. An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels.[4] See 28 C.F.R. § 542.15(a).

Significantly, the Supreme Court has held that, in the context of § 1997e(a), administrative law requires proper exhaustion of administrative remedies, which means using all steps that the

---

[4] Several circuit courts of appeals have held that the failure to timely file an appeal with the General Counsel is a procedural default. See, e.g., Moscato v. B.O.P., 98 F.3d 757, 760 (3d Cir.1996) (a prisoner's "failure to satisfy the procedural rules of the Bureau's administrative process constitutes a procedural default").

agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 126 S.Ct. 2378, 2385 (2006) (reasoning, id. at 2387, that "[t]he text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion" and that "[s]ection 1997e(a) refers to 'such administrative remedies as are available,' and thus points to the doctrine of exhaustion in administrative law").

With the instant complaint, plaintiff submitted a form verifying that he had attempted to exhaust the administrative remedies procedure, but that his grievance had been "rejected as untimely." He further verified that he had "appealed that determination to the highest level available" and that he had "attached documentation verifying [his] attempts to exhaust administrative remedies." However, plaintiff has submitted no documentation of exhaustion beyond what the court has recapitulated in the preceding factual summary, and plaintiff allows that he failed to lodge a timely appeal to the final level of appeals. The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. See Booth, 532 U.S. at 741, n.6. Accordingly, as plaintiff's failure to exhaust pursuant to 42 U.S.C. § 1997e(a) is apparent from the face of his complaint, the court could dismiss plaintiff's complaint on those grounds. See Anderson, 407 F.3d at 683. Nonetheless, because the merits of plaintiff's complaint are determinable based upon his submissions, the court will dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.

### B. Failure to State a Claim

As the court has already observed, plaintiff alleges that officers at USP Lee violated his constitutional rights by finding him guilty of a disciplinary violation, and he seeks damages in the

7

amount of "$78.6 million." He alleges that the disciplinary sanctions against him were unwarranted because he was put in close proximity to inmate Wilson, with whom he "had a problem"; that Wilson had a razor; and that defendants "maliciously hindered" his ability "to redress [his] claims." The crux of plaintiff's complaint is that he was deprived of his due process rights at the disciplinary hearing.

To receive an award of damages under Bivens, a plaintiff must establish that federal officials have infringed upon constitutionally protected interests. Bivens, 403 U.S. at 395-97; Radin v. United States, 699 F.2d 681, 684 (4th Cir. 1983). As in cases brought against state actors under 42 U.S.C. § 1983, "[a]ny remedy under Bivens is against federal officials individually, not the federal government." Randall v. United States, 95 F.3d 339, 345 (4th Cir.1996); see also Radin, 699 F.2d at 684. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Inmates have a right to be free of arbitrary punishment. See Howard v. Smyth, 365 F.2d 428 (4th Cir.1966). However, their constitutional protections are limited. In order for plaintiff to prevail on his due process claim, he must show that his punishment was not "within the normal limits or range of custody which the conviction has authorized the [BOP] to impose." See Sandin v. Conner, 515 U.S. 472, 478 (1995) (quoting Meachum v. Fano, 427 U.S. 215, 225 (1976)). In certain circumstances, such as when an inmate is faced with loss of statutory good-time credits or solitary confinement, some additional protections may be available. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court found that inmates subject to disciplinary hearings where they may lose good time credits are entitled to the following due process guarantees: (1) advanced written notice

8

of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the finder of facts as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71. In addition, there must be "some evidence" to support the disciplinary board's conclusions. Superintendent v. Hill, 472 U.S. 445, 447 (1985).

Plaintiff does not argue that the DHO failed to satisfy the guarantees mandated by Wolff. Essentially, plaintiff alleges that he should not have been found guilty of the assault on Wilson because the two inmates "had a problem" with one another. However, applying the Wolff standard, the complaint must fail. As indicated in the preceding factual summary, plaintiff received all the procedural safeguards guaranteed by Wolff, 418 U.S. at 564-71: advanced written notice of the violation; disclosure of the evidence against him; the right to confront and cross-examine witnesses; a neutral and detached hearing body; and a written statement of the DHO as to the evidence relied upon and the reasons for the disciplinary action taken. Moreover, the DHO Report indicates that plaintiff admitted the assault, which he committed against a victim who was bound "in restraints"; accordingly, there is "some evidence" to support the DHO's conclusions. Hill, 472 U.S. at 447. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982); see also Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute).

The court finds that plaintiff has failed to make any showing sufficient to displace the DHO's conclusions. Plaintiff received adequate due process regarding his disciplinary infraction. The complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### III. Conclusion

Based on the foregoing, the court will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which the court may grant relief.

Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 31st of July, 2007.

*/s/ Jack Conrad*
United States District Judge